# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ZKI FRIENDS LLC, IMRAN ASLAM KHAN, JAMIL AHAMED KHAN, CENTEX VAPE, LLC, AND MICHAEL C. BARNES, <br><br> *Plaintiffs,* <br><br> v. <br><br> CITY OF TEMPLE, TEMPLE POLICE DEPARTMENT, SHAWN REYNOLDS, BILL COOKE, TEXAS DEPARTMENT OF PUBLIC SAFETY CRIME LAB, AND NATIONAL MEDICAL SERVICES, <br><br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> §    **No.  6:25-CV-00362-LS** <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

## ORDER STAYING CASE

Plaintiffs sued Defendants under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Texas Constitution, because of their sale of consumable products containing hemp.[1] Defendants represent that Plaintiffs Jamil Ahmed Khan, Imran Aslam Khan, and Michael Barnes are facing pending criminal charges based on the possession and sale of controlled substances.[2] Both Plaintiffs and Defendants agree that this case could be stayed pending completion of the criminal cases.[3]

A § 1983 plaintiff may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff "can demonstrate that the conviction or sentence has

---

[1] ECF No. 1-1 at 5, 17–21.
[2] ECF Nos. 8-1, 8-2, 8-3.
[3] ECF No. 8 at 10; ECF No. 40 at 6.

already been invalidated" in some manner.[4] Moreover, even when it is premature to determine whether claims may be barred under *Heck v. Humphrey*, a district court "may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."[5]

*Heck v. Humphrey* only applies to the § 1983 claims by Imran Aslam Khan, Jamil Ahmed Khan, and Michael C. Barnes. However, some district courts have stayed cases where the claims "are intertwined and based on substantially the same factual allegations."[6] And a district court has the "discretionary authority to issue a stay."[7] Therefore, the Court considers the proper avenue to be a stay of this case until the criminal cases against Jamil Ahmed Khan, Imran Aslam Khan, and Michael Barnes are resolved.

For the foregoing reasons, the Court hereby stays the proceedings. The parties are ordered to file a status report every **60 days** from the date of this order on the status of the criminal charges against Imran Aslam Khan, Jamil Ahmed Khan, and Michael C. Barnes. The parties are also ordered to notify the court within **14 days** of any final adjudication in the criminal cases, with Cause Nos. 25DCR92096, 25DCR92097, 25DCR92098, 25DCR92094, and 25DCR92095.

**SO ORDERED**.

---

[4] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

[5] *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *see also Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) (stating that the district court should have stayed the plaintiff's § 1983 lawsuit until his criminal case was resolved).

[6] *Willis v. City of Hattiesburg*, No. 2:14cv89-KS-MTP, 2015 WL 13651763, at *5 (S.D. Miss. Jan. 30, 2015); *see also Hayhurst v. Upper Makefiled Twp.*, No. 06-3114, 2007 WL 1795682, at *9 (E.D. Penn. June 20, 2007) (staying all the claims in the case, even though some were not barred by *Heck*).

[7] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

**SIGNED** and **ENTERED** on March 4, 2026.

_____

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**